In the Matter of NAOMI RODRIGUEZ, Appellant, v JAMES R. DUMPSON, as Administrator of the New York City Human Resources Administration, et al., Respondents. EDWIN RODRIGUEZ, Intervenor-Respondent.

First Department, June 1, 1976

*Philip C. Segal* of counsel *(Louise Gruner Gans* with him on the brief; *Donald Grajales,* attorney), for appellant.

*Laurence B. Jones* of counsel *(L. Kevin Sheridan* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for James R. Dumpson, respondent.

*Gary Robert Connor* of counsel *(Bernard C. Durham* attorney), for intervenor-respondent.

*Murray Blum* of counsel *(George Gruberg* with him on the brief; *Gruberg, McKay, O'Keefe & Barranco,* attorneys), for Jane Edwards and another, respondents.

MURPHY, J. The instant appeal is from an order of the Family Court dismissing, after a hearing, appellant's petition seeking to regain custody of her son, Edwin Rodriguez, Jr. Said infant had previously been placed in foster care with respondent Dumpson, as Administrator of the New York City Human Resources Administration, and remains in such foster care as a result of the decision below.

Petitioner has three children: Elizabeth Pauline, born February 25, 1971 and Louis Lorenzo, born July 30, 1974, both fathered by Edwin Madera; and Edwin, born February 6, 1973,

fathered by the intervenor-respondent herein, Edwin Rodriguez.

Petitioner and Rodriguez were married on December 6, 1972. As a result of certain marital difficulties, Edwin was voluntarily placed in foster care by written commitment executed by both of his parents on March 29, 1973. Petitioner and Rodriguez separated shortly thereafter and petitioner plans to marry Madera, with whom she now resides together with their two children Elizabeth and Louis, after she divorces Rodriguez.

Petitioner is totally blind. Rodriguez has visual impairment, but can see without assistance or aids. Madera is legally blind or on the borderline of such status, depending on which portion of his testimony is credited. All three of petitioner's children also have visual handicaps. Edwin has sight; but he also has retinablastoma with uncertainty as to its future development. All need regular treatment.

Appellant filed a petition for custody, under section 651 of the Family Court Act, in October, 1974. Rodriguez intervened, without opposition. While opposing the petition, he did not seek custody of his son. Instead, he preferred to work with the agencies involved, with the ultimate hope of obtaining custody at a later date.

At the close of the evidence, the Trial Judge discussed her views of the case and, after giving little weight to petitioner's expert witness because of his limited observations, rendered an oral decision dismissing the petition. She believed there would be considerable risk in returning Edwin to his mother because, *inter alia:* petitioner's handicap affected her ability to care for an active boy; petitioner was overly dependent on her parents and sisters who lived in the same building; Elizabeth, the older child, would have to assume too much responsibility and her own education would be adversely affected; and conflicts would probably develop between and among petitioner, Rodriguez, Madera and the three children. We disagree with the determination below.

Obviously, the facts presented here do not lend themselves to facile solution. The home offered by petitioner is far from ideal. But indefinite foster care is an unsatisfactory alternative.

Since Rodriguez admits he is not ready to assume custody of Edwin, the issue presented is whether it is in the child's best

interest to be returned to his natural mother from the nonparents.

Absent abandonment or proof of unfitness, it is now well settled that the natural parent has the paramount right to the child. *(People ex rel. Kropp v Shepsky,* 305 NY 465; *People ex rel. Scarpetta v Spence-Chapin Adoption Serv.,* 28 NY2d 185.) Since appellant has not abandoned her right to the care and custody of Edwin, only her fitness is at issue.

But in demonstrating fitness, the burden is not on appellant "to show that the child's welfare is advanced by being returned to her, but rather upon the nonparents to prove the mother is unfit to have her child and the latter's well-being requires its separation from its mother." *(People ex rel. Kropp v Shepsky, supra,* p 469.)

The reasons for denying a mother's claim to custody must be weighty *(People ex rel. Portnoy v Strasser,* 303 NY 539, 542) and "compelling" *(Matter of Spence-Chapin Adoption Serv. v Polk,* 29 NY2d 196, 199.) The rationale for imposing such a heavy burden was succinctly stated (and quoted with approval in *People ex rel. Scarpetta v Spence-Chapin Adoption Serv., supra)* in *People ex rel. Grament v Free Synagogue Child Adoption Committee* (194 Misc 332, 337-338): "So important is the status of a natural parent, that in determining the best interests of the child, it may counterbalance, even outweigh, superior material and cultural advantages which may be afforded by adoptive parents * * *. For experience teaches that a mother's love is one factor which will endure, possibly endure after other claimed material advantages and emotional attachments may have proven transient."

Petitioner has a high school diploma from the Institute for the Blind, where she received good grades in mobility and home economics and where she studied child care. The evidence adduced below establishes petitioner's ability to run her household well; and no sufficient showing has been made to warrant the conclusion that the addition of Edwin to the home would create an undue burden.

Appellant's dependence on her family for assistance is not an adverse factor (cf. *Matter of Roe v New York Foundling Hosp.,* 36 AD2d 100). Her inability to control several children on an isolated occasion when she was 17 years of age bears little, if any, relevance in determining her present fitness. And the contention that Elizabeth will suffer by the addition of Edwin to the family is conjectural, and unsupported by the

record. Equally unsupported, and based purely on surmise, is the fear of an unstable relationship between petitioner and Madera and possible conflicts between Madera and Rodriguez over visitation. In short, we find the record before us insufficient to support a finding of petitioner's unfitness.

In light of the foregoing, the order of the Family Court, New York County (DEMBITZ, J.), entered June 5, 1975, dismissing the petition should be reversed, on the law and on the facts, without costs, and the case remanded to said court to initiate the necessary steps to return Edwin to his mother as expeditiously as possible.

STEVENS, P.J., MARKEWICH, SILVERMAN and NUNEZ, JJ., concur.

Order of Family Court of the State of New York, New York County, entered on June 5, 1975, unanimously reversed, on the law and on the facts, without costs and without disbursements, and the case remanded to said court to initiate the necessary steps to return Edwin to his mother as expeditiously as possible.