■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUTH OLIVO, Respondent, v MARIA B. FOGLIO, Appellant.—Judgment, Supreme Court, New York County, entered on February 17, 1976, awarding custody of respondent's child, in a habeas corpus proceeding, to petitioner, unanimously affirmed, without costs and without disbursements. The stay of the operative provisions of the judgment granted by order entered on March 1, 1976 and continued by order entered on March 16, 1976 is vacated. Petitioner is the maternal aunt of the child whose custody is in issue. Respondent is the natural mother. Respondent gave birth to the child, out of wedlock, when she was a 16-year-old narcotics addict supporting her $100 a day habit as a prostitute. In September, 1969, respondent left her child with a baby sitter while she was out "working". When respondent failed to return for a day or so the baby sitter contacted respondent's mother and sister, the petitioner herein. Petitioner took custody of the child and raised him until 1974, when respondent seized the child during the pendency of an adoption proceeding instituted by petitioner in Puerto Rico. The instant proceeding was brought by petitioner to regain custody of the child. Although the record discloses that respondent attempted to see her son during the first three years of his life, she concededly made no effort to regain custody; since she was admittedly not yet "ready" for him. Now, having

married, she desires to fulfill her parental role. "Absent abandonment or proof of unfitness, it is now well settled that the natural parent has the paramount right to the child." *(Matter of Rodriguez v Dumpson,* 52 AD2d 299, 302.) While on the record before us it cannot be said that respondent's behavior manifested "a settled purpose to be rid of all parental obligations and to forego all parental rights" *(Matter of Maxwell,* 4 NY2d 429, 433), thereby establishing abandonment, we do conclude that petitioner sustained her burden of proving that respondent is unfit. Although respondent is now detoxifying as a member of a methodone maintenance program, she is still receiving a stabilized or constant dosage of methadone and used heroin and barbiturates until May or June, 1973. Her husband is currently facing serious criminal charges. In light of respondent's sordid past, present instability and uncertain future, we find no error in the Trial Judge's award of custody to petitioner. (Cf. *People ex rel. Anonymous v Anonymous,* 10 NY2d 332.) Concur—Murphy, J. P., Lupiano, Birns, Capozzoli and Nunez, JJ.